IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEAN ZMUDA                                                                                              PLAINTIFF

V.                                          Case No. 6:13-CV-6072

BOOKS-A-MILLION, INC.                                                                          DEFENDANT

**MEMORANDUM OPINION**

      Before the Court is a Motion for Summary Judgment filed by Defendant Books-A-Million, Inc.  ECF No. 17.  Plaintiff Dean Zmuda has responded.  ECF No. 20.  Books-A-Million has filed a reply.  ECF No. 23.  The matter is ripe for the Court's consideration.  For the reasons explained below, Books-A-Million's summary judgment motion is granted.

**I.  BACKGROUND**

      Generally, the facts in this case are not in dispute.  Plaintiff alleges that she was injured while shopping at Books-A-Million ("BAM"), in Hot Springs, Arkansas.  Plaintiff was standing in an aisle and had removed two books from the bookshelf in front of her.  After removing the books, she stepped back toward the row of bookshelves immediately behind her.  Then, several books impacted her from behind and struck her on the head, neck, and shoulders.  Plaintiff assumes that the books came from a shelf behind her.  The aisle was approximately five feet wide, and Plaintiff claims that she had not touched the shelf from which the assumes the books fell.  Plaintiff further claims that she never looked at the bookshelf behind her prior to the books falling.  The bookshelves were taller than Plaintiff, and she could not see over them.  After the books fell, Plaintiff made no attempt to examine the books or shelving to determine what caused the accident.  Although Plaintiff's husband entered the store with her, he separated from her inside the store and did not witness the incident.

Plaintiff's husband located her in the store after the incident, and Plaintiff and her husband quickly left the store.

Representatives of BAM inspected the area where the incident occurred and discovered some books on the floor. These representatives determined that one of the shelves upon which books had been located had been removed from its mounting bracket and was resting on the floor. At the time of the inspection, several books remained sitting upright on the shelf despite the fact that it was located on the floor. The representatives did not find that there was any damage to the shelf or its mounting brackets, and they reinstalled the shelf where it had been located. The representatives restacked the books on the shelf and found that the shelf was stable.

Plaintiff admits that she does not know what caused the books to fall and has no specific evidence of negligence on the part of BAM. In her Second Amended Complaint, she alleges that "the books would not have fallen in the absence of negligence by employee of [BAM]." ECF No. 10, p. 1. BAM asserts that Plaintiff cannot prove that it was negligent and that summary judgment should be granted in its favor.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Under this standard, the inquiry is not whether the evidence favors one side or the other, but "whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). When considering a summary judgment motion, the Court "must view the evidence 'in the light most favorable to the nonmoving party.'" *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 445 (8th Cir. 2008) (quoting *F.D.I.C. v. Bell*, 106 F.3d

258, 263 (8th Cir. 1997)).  To defeat a motion for summary judgment, however, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The "nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial."  *Bell*, 106 F.3d at 263 (8th Cir. 1997).  "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010).

### III.  DISCUSSION

To establish a prima facie case of negligence, Plaintiff must show that she sustained damages, that BAM was negligent, that such negligence was a proximate cause of her damages. *Schubert v. Target Stores, Inc.* 2010 Ark. 466, at 3-4, 369 S.W.3d 717, 719 (Ark. 2010).  The fact that an accident occurred is not evidence of negligence, and Plaintiff "cannot rely on inference based on conjecture to establish a claim of negligence."  *Id*. at 4, 369 S.W.3d at 719.  Negligence must be proven, except in cases where the doctrine of res ipsa loquitur applies.  *Id*. at 6, 369 S.W.3d at 720. In the present case, Plaintiff admits that she has no evidence proving that BAM was negligent; thus, Plaintiff asserts the doctrine of res ipsa loquitur to assist in proving BAM's negligence.

"The doctrine of res ipsa loquitur was developed to assist in the proof of negligence where the cause is connected with an instrumentality in the exclusive control of a defendant."  *Id*., 369 S.W.3d at 720.  This doctrine "allows the jury to infer negligence from the plaintiff's evidence of circumstances surrounding the occurrence."  *Id*., 369 S.W.3d at 720.

> In order to invoke the doctrine of res ipsa loquitur, a plaintiff must show that (1) the defendant owes a duty to the plaintiff to use due care; (2) the accident is caused by the thing or instrumentality under the control of the defendant; (3) the accident which caused the injury is one that, in the ordinary course of things would not occur if those having control and management of the instrumentality used proper care; and (4) there is an absence of evidence to the contrary.

*Id.*, 369 S.W.3d at 720-21.

Regarding the second element, "it is ordinarily required that the instrumentality causing injury have been in defendant's exclusive possession and control up to the time of the plaintiff's injury" in order "[t]o make certain that the injury has not been caused by somebody else, through some intervening negligence." *Barker v. Clark,* 343 Ark. 8, 14, 33 S.W.3d 476, 480 (Ark. 2000).

In the present case, Plaintiff admits that she has no evidence proving that BAM was negligent; thus, Plaintiff asserts the doctrine of res ipsa loquitur to assist in proving BAM's negligence. Plaintiff, however, fails to establish that BAM had exclusive control of the books up to the time of her injury and that her injury was not caused by a third party.

In any case where it is equally probable that the negligence was that of another, the plaintiff has not proven his or her case. *Schubert*, 2010 Ark. at 7, 369 S.W.3d at 721 (citing *Nichols v. Int'l Paper Co.*, 278 Ark. 226, 231, 644 S.W.2d 583, 586 (Ark. 1983)). Here, the books on the shelves were accessible to a number of store customers as well as to BAM employees. Plaintiff does not know where the books were located before they fell except that they were somewhere behind her. She cannot know for sure that they even fell from a shelf because she did not see them fall. There is no evidence that the books were precariously positioned prior to the incident. The possibility exists that a store customer handled the books and restacked them on the shelves in a way that

caused them to fall. Also, the possibility exists that a store customer in the same aisle or an adjacent aisle pushed the books off the shelf and onto Plaintiff. The post-accident inspection of the aisle revealed that several books oddly remained sitting upright on the shelf, even though the shelf was lying on the floor. A store employee noticed no damage to this shelf and placed the shelf back onto the mounting brackets. Plaintiff simply puts forth no evidence that would allow for the elimination of all causes of the accident other than a BAM employee improperly stacking the books. *See Barker*, 343 Ark. at 15, 33 S.W.3d at 481 ("This court has held that it will not apply the doctrine of res ipsa loquitur when all other responsible causes, such as the conduct of the plaintiff or third persons, are not sufficiently eliminated.").

Under Arkansas law, the presumption of negligence afforded by the doctrine of res ipsa loquitur is limited to situations where the defendant's negligence has been substantially proven. *Schubert*, 2010 Ark. at 7, 369 S.W.3d at 721. Here, Plaintiff's only evidence of negligence is the fact that the accident occurred, and she cannot rule out the possibility that a third party caused the books to fall. Consequently, the doctrine of res ipsa loquitur does not apply, and Plaintiff cannot establish a prima facie case of negligence against BAM.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that BAM's Motion for Summary Judgment (ECF No. 17) should be and hereby is **GRANTED**. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Court will issue a Judgment of even date consistent with this Opinion.

IT IS SO ORDERED, this 14th day of May, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge